AO 248 (Rev. 08/20) ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 19CR2994-JLS |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| OSCAR MANUEL PATRON | (COMPASSIONATE RELEASE) |

Upon motion of the defendant for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) (ECF No. 40) and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,[1]

IT IS HEREBY ORDERED that the motion is DENIED after complete review of the motion on the merits.

FACTORS CONSIDERED:

The Court finds that Defendant has failed to establish that his current medical condition presents an extraordinary and compelling basis for relief under Section 3582(c)(1)(A)(i). Defendant is 36 years of age and claims that his hypertension, diabetes, obesity, and status as a long-time smoker place him at risk of the dangers of COVID-19. Defendant's medical records appear to confirm the medical conditions for the most part,[2] but do not indicate that Defendant is in any acute distress or disability as a result of his physical condition. To the contrary, the medical

---

[1] Although the Ninth Circuit has determined that the Sentencing Commission policy statement is not applicable to motions filed by a defendant under the amended § 3582(c)(1)(A), the court recognized that it may inform a district court's discretion. *United States v. Aruda,* 993 F.3d 797 (9th Cir. 2021).

[2] The records indicate Defendant currently suffers from "prediabetes" and "essential (primary) hypertension" and that he is obese. ECF No. 42 at 3-4.

records submitted by Defendant indicate that he is receiving regular medical care and treatment, and that his conditions appear to be controlled.  Based on the information presented, the Court is unable to conclude that Defendant is suffering from a terminal illness or a serious medical condition that substantially diminishes his ability to provide self-care within the correctional facility.

Although the Court appreciates that the risk of severe outcomes from COVID-19 increases for people with Defendant's medical conditions, the availability of a COVID-19 vaccine at the prison[3] undercuts the finding of an extraordinary and compelling reason for compassionate release. *United States v. Tripp*, 2023 WL 36186 at *1 (D.Nev. January 4, 2023), citing *United States v. McRae*, 2022 WL 803978 at *2 (10th Cir. Mar. 17, 2022) ("Given the effectiveness of COVID-19 vaccines, we agree…that a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction.").

For these reasons, the Court is not persuaded that Defendant's medical condition rises to the level of truly extraordinary and compelling reasons necessary to change and modify a final sentence. Accordingly, Defendant's Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A)(i) is DENIED.

IT IS SO ORDERED.

Dated:  January 23, 2023

Hon. Janis L. Sammartino
United States District Judge

---

[3] Defendant is incarcerated at FCI Lompoc.  The Bureau of Prisons has administered more than 2300 full inmate inoculations across the Lompoc complex.  Federal Bureau of Prisons, "COVID-19 Coronavirus," https://www.bop.gov/coronavirus/ (last accessed 01/20/2023).